UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                                 :
MICHAEL P. THOMAS,                                               :
                                                                 :
                                    Plaintiff,                   :
                                                                 :
              -v-                                                :
                                                                 :
RICHARD J. CONDON,                                              :
                                                                 :
                                    Defendant.                   :
                                                                 :
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  07/10/2015

14-CV-8554 (JMF)

OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

Plaintiff Michael P. Thomas, a former New York City public school teacher who is

proceeding *pro se*, brings this lawsuit against Defendant Richard J. Condon, Special

Commissioner of Investigations for the New York City School District, in his official capacity.

Plaintiff alleges that Condon violated his due process rights by failing to adequately investigate

his claim that he was entitled to protection as a whistleblower under New York law.  Pursuant to

Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant moves to dismiss

the Complaint in its entirety for lack of subject-matter jurisdiction and failure to state a claim.

For the reasons discussed below, Defendant's motion is GRANTED.

## BACKGROUND

As noted, Defendant moves to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6).

Generally, in considering a motion pursuant to Rule 12(b)(6), courts are limited to the facts

alleged in the complaint and are required to accept those facts as true.  *See, e.g.*, *LaFaro v. N.Y.*

*Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).  A court may, however, consider

documents attached to the complaint, statements or documents incorporated into the complaint

by reference, matters of which judicial notice may be taken, public records, and documents that

the plaintiff either possessed or knew about, and relied upon, in bringing the suit. *See, e.g.,*

*Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013); *Chambers v. Time Warner, Inc.*, 282

F.3d 147, 153 (2d Cir. 2002) (applying rule to district courts). In addition, because a *pro se*

plaintiff's allegations must be construed liberally, it is appropriate for a court to consider factual

allegations made in a *pro se* plaintiff's opposition memorandum, as long as the allegations are

consistent with the complaint. *See, e.g.*, *Braxton v. Nichols*, No. 08-CV-8568 (PGG), 2010 WL

1010001, at *1 (S.D.N.Y. Mar. 18, 2010); *cf. Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987)

(considering a pro se plaintiff's affidavit in opposition to a motion to dismiss in addition to those

in the complaint). Accordingly, the following facts are taken from the Complaint, exhibits

attached thereto, Thomas's opposition papers (to the extent they are consistent with the

Complaint), and documents of which the Court may take judicial notice.

Plaintiff worked as a mathematics teacher at the Manhattan Center for Science and

Mathematics ("MCSM") from 1989 through his retirement in July 2012. (Compl. ¶ 6). In June

2006, he received a Newtown Master Teacher Fellowship (the "Fellowship") from Math for

America ("MfA"). (Compl., Ex. A at 1.). As a fellow, Plaintiff was required to, among other

things, remain a New York City public school teacher from September 2006 through June 2010;

in exchange, he received a stipend of $12,500 a year. (*Id.*). Plaintiff's fellowship was

suspended, however, in May 2008, after Plaintiff was investigated for allegations of misconduct

on six occasions and sent to a temporary reassignment center, commonly known as a "rubber

room." (Compl. ¶¶ 14-15; *id.*, Ex. B). Pursuant to the terms of the suspension, Plaintiff's

stipend was cut off, and he was required to check in with MfA once per month to report whether

he had been returned to the classroom. (*Id.*, Ex. B). Rather than accept the suspension, however,

Plaintiff asked either to be allowed to complete the fellowship or to have it terminated.  (*Id.*, Ex. C).  Pursuant to that request, MfA terminated the fellowship in July 2008, effective as of May 31, 2008.  (*Id.*, Ex. D).  Plaintiff's fellowship was not reinstated when, seventeen months after being reassigned, Plaintiff was allowed to return to the classroom.  (*Id.* ¶ 20).

Plaintiff believed that the misconduct allegations against him had been fabricated by MCSM's administration to retaliate against him after he reported both the school's improper use of funds and scoring irregularities on the New York State Regents examination.  (*Id.* ¶¶ 11-14).  Consequently, in September 2008, he requested protection under the New York City whistleblower protection law, New York City Admin. Code § 12-113 (the "Whistleblower Law"), which provides that an "adverse personnel action" may not be taken against an employee "in retaliation for his or her making a report of information concerning conduct which he or she knows or reasonably believes to present a substantial and specific risk of harm to the health, safety or educational welfare of a child."  N.Y.C. Admin. Code § 12-113(b)(5).  (Compl. ¶¶ 21-22).  His request was referred to Defendant, the Special Commissioner of Investigations, who denied his whistleblower application in July 2009.  (*Id.* ¶¶ 21, 24).  Plaintiff then initiated a proceeding in state court pursuant to Article 78 of the Civil Practice Law and Rules seeking to vacate Defendant's determination.  (*Id.* ¶ 24).  In July 2010, the parties entered into a settlement agreement, which vacated Defendant's original determination and provided that Defendant would re-investigate Plaintiff's claims.  (*Id.*).

Plaintiff filed a new whistleblower application in August 2010.  (*Id.* ¶ 25).  His claims were denied without a hearing.  (*Id.* ¶ 26).  Once again, Plaintiff brought an action pursuant to Article 78 (the "Article 78 Proceeding") seeking to vacate Defendant's determination.  (*Id.*. ¶ 27).  Plaintiff alleged that Defendant's denial of his application was arbitrary and capricious

and infected by legal error.  (Decl. Assistant Corp. Counsel Tanya N. Blocker Supp. Def.'s Mot. To Dismiss Verified Compl. (Docket No. 10) ("Blocker Decl."), Ex. 1 ("Verified Pet.")).  The New York Supreme Court for New York County disagreed, holding that Plaintiff was not entitled to whistleblower protection because his complaints had not been directed to the correct officials, the school principal had not falsely testified at the grievance hearing, and the filing of a misconduct allegation did not qualify as an "adverse personnel action" under the statute. (Blocker Decl., Ex. 2 ("Supreme Court Op.") at 4-7).  Plaintiff appealed the trial court's decision, but that appeal was rejected on May 29, 2014, *see In re Thomas v. Condon*, 986 N.Y.S.2d 332 (App. Div. 1st Dept. 2014) (Mem.), and the Court of Appeals denied leave to appeal on September 11, 2014 (*Compl.* ¶ 30).

Plaintiff filed this action on October 27, 2014, alleging that Defendant's failure to adequately investigate his whistleblower claims deprived him of his right to procedural due process under the Fourteenth Amendment to the U.S. Constitution.  (Compl. ¶¶ 35-42).  On January 28, 2015, Defendant filed a motion to dismiss, arguing, among other things, that the Court lacks subject-matter jurisdiction over Plaintiff's claims and that Plaintiff fails to state a plausible claim.  (Docket Nos. 9, 11).  The Court will address each argument in turn.

## LEGAL STANDARDS

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction to hear the case. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is

not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks and citations omitted). Moreover, a court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [the Court] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys. Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

By contrast, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint and requires a court to determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When ruling on a Rule 12(b)(6) motion, a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). To survive such a motion, however, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Where, as here, a plaintiff proceeds *pro se*, the complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, a *pro se* litigant must still state a plausible claim for relief. *See, e.g.*, *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). That is, "the Court's duty to liberally construe a plaintiff's complaint is not the equivalent

of a duty to re-write it." *Baines v. City of N.Y.*, No. 10-CV-9545 (JMF), 2015 WL 3555758, at

*4 (S.D.N.Y. June 8, 2015) (internal quotation marks omitted)).

**DISCUSSION**

**A.      Subject-Matter Jurisdiction**

As a threshold matter, the Court must confirm that it has subject-matter jurisdiction. *See,*

*e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93 (1988). Defendant argues that the

Court does not by virtue of the *Rooker-Feldman* doctrine, which stands for "the clear principle

that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-

court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005).

(Mem. Law Supp. Def.'s Mot. To Dismiss Pl.'s Compl. (Docket No. 11) ("Def.'s Mem.") 5-8).

More specifically, the *Rooker-Feldman* doctrine deprives federal district courts of subject-matter

jurisdiction when four conditions are met: (1) the federal plaintiff lost in state court; (2) the

plaintiff complains of injuries caused by the state-court judgment; (3) the plaintiff's complaint

"invite[s] district court review and rejection of that judgment"; and (4) the state judgment was

rendered before the filing of the federal complaint. *Hoblock*, 422 F.3d at 85 (internal quotation

marks omitted). The first and fourth requirements are "procedural"; the second and third are

"substantive." *Id.* Here — as Plaintiff concedes (Pl.'s Mem. Law Opp'n Def.'s Mot To Dismiss

Verified Compl. (Docket No. 16) ("Pl.'s Mem.") 7) — the procedural requirements are plainly

met. The only question is whether the substantive requirements are met as well.

They are not. At bottom, Defendant argues that the substantive requirements are met

because, although Plaintiff is asserting federal constitutional claims for the first time, his

allegations are essentially the same as those asserted in his state court action. (Def.'s Mem. 7-8).

Defendant is correct that "a federal plaintiff cannot escape the *Rooker-Feldman* bar simply by

relying on a legal theory not raised in state court," but the mere fact that a ruling in Plaintiff's favor could contradict the state court's ruling does not mean that Plaintiff's claim is not "independent for *Rooker-Feldman* purposes." *Hoblock*, 422 F.3d at 87. "The applicability of the *Rooker-Feldman* doctrine turns not on the *similarity* between a party's state-court and federal-court claims (which is, generally speaking, the focus of ordinary preclusion law), but rather on the *causal relationship* between the state-court judgment and the injury of which the party complains in federal court." *McKithen v. Brown*, 481 F.3d 89, 97-98 (2d Cir. 2007). Here, there is no such causal relationship, as Plaintiff is not challenging the state court's ruling affirming Defendant's decision. Instead, he is challenging the way that Defendant conducted (or failed to conduct) the investigation into Plaintiff's entitlement to whistleblower protection. (*See, e.g.*, Pl.'s Mem. 12 ("[T]he issue in the instant action is whether Plaintiff was deprived of due process by the Special Commissioner in the investigation and adjudication of Plaintiff's whistleblower application.")). Because Plaintiff is "in federal court seek[ing] redress for an injury that existed in its exact form prior to the state-court judgment, he cannot be complaining of an injury 'caused by' the state court." *McKithen*, 481 F.3d at 98. Accordingly, *Rooker-Feldman* does not apply.

**B.    Failure To State a Claim**

That said, the Complaint must be dismissed because Plaintiff fails to state a claim upon which relief may be granted. To raise a procedural due process claim, a plaintiff must first establish that the challenged action infringed a constitutionally protected property or liberty interest. *See, e.g.*, *Perry v. McDonald*, 280 F.3d 159, 173 (2d Cir. 2001); *Davidson Heights LLC v. N.Y.C. Hous. Auth.*, 14-CV-930 (ER), 2014 WL 5500944, at *4 (S.D.N.Y. Oct. 31, 2014) ("The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by federal or state law and,

if so, what process was due before the plaintiff could be deprived of that interest." (internal

quotation marks omitted)).  Here, Plaintiff does not (and could not) claim to have been deprived

of a liberty interest.  (*see* Compl. ¶ 32 ("The Special Commissioner's failure to provide due

process to Plaintiff during the course of SCI's investigation of Plaintiff's whistleblower

application . . . deprived Plaintiff of property without due process."); *id.* ¶ 36 ("While acting

under color of state law, the Special Commissioner violated Plaintiff's rights under the

Fourteenth Amendment, thereby depriving Plaintiff of property without due process."); Pl.'s

Mem. 14-21 (alleging only the deprivation of a property interest, not a liberty interest)).  His

claim is therefore viable only if he has alleged the deprivation of a protected property interest.

He has not.  Construed liberally, the Complaint could be read to allege that Plaintiff had a

due process right to the investigation itself.  (Plaintiff does not make that contention in is

memorandum of law.)  To the extent Plaintiff makes that claim, it must fail, as the law is clear

that "[t]here is no constitutional right to an investigation."  *Stone v. Dept. of Investigation*, No.

91-CV-2471 (MBM), 1992 WL 25202, at *3 (S.D.N.Y. Feb. 4, 1992); *accord Troy v. City of

N.Y.*, No. 13-CV-5082 (AJN), 2014 WL 4804479, at *6 (S.D.N.Y. Sept. 25, 2014).  Nor is

Plaintiff's loss of the MfA fellowship sufficient for him to state a claim.  (*See* Pl.'s Mem. 15-17).

For one thing, the fellowship was terminated in July 2008 (effective May 31, 2008), several

months *before* Defendant's investigation.  Thus, Plaintiff had no conceivable property interest in

the fellowship at the times relevant to his claims in this case.  Additionally, any property interest

Plaintiff may have had in the fellowship — which was neither created by, nor officially affiliated

with, the state — was not *constitutionally* protected.  The mere fact that Plaintiff's eligibility for

the fellowship was predicated on his continued employment as a public school teacher is not

enough.  *See Ware v. City of Buffalo*, 186 F. Supp. 2d 324, 332-33 (W.D.N.Y. 2001) (holding

that a "the supplemental income" that a suspended firefighter would have received from other jobs, including working as a teacher's aide, national guard, or security guard, "does not constitute a protected property interest"); *cf. McEvoy v. Spender*, 49 F. Supp. 2d 224, 227 (S.D.N.Y. 1999) (holding that a police officer did not have "any interest of constitutional dimension" in being a private investigator when he was off duty).

Finally, and in any event, even if Plaintiff could demonstrate that he had a constitutionally protected property interest in the fellowship, his due process claim would still fail.  To state a due process claim, a plaintiff must allege "action *by the government* depriving the individual of a liberty or property interest."  *Shunaula v. Gonzales*, No. 07-CV-00891 (AWT), 2008 WL 3891982, at *1 (D. Conn. Aug. 19, 2008) (emphasis added).  Here, Plaintiff cannot do so, both because any actions by Defendant took place *after* the fellowship had already been terminated and because the fellowship was ultimately terminated at *Plaintiff's* request.  That is, although the fellowship was suspended upon Plaintiff's removal from the classroom (an action that Plaintiff does not challenge), the terms of the suspension provided that it would be lifted if Plaintiff resumed teaching within twenty-four months — as he did.  (Compl., ¶ 20; *id.*, Ex. B). Thus, it was Plaintiff's request that the fellowship be terminated — not his temporary removal from the classroom, let alone Defendant's investigation into his whistleblower complaints — that ultimately resulted in his loss of the fellowship and the accompanying stipend.  Accordingly, Plaintiff's due process claims must be and are DISMISSED.[1]

---

[1]     Defendant moves to dismiss the Complaint on several other grounds, including *res judicata* and collateral estoppel.  (*See* Def.'s Mem. 9-12).  As these alternative arguments do not implicate the Court's subject-matter jurisdiction, *see, e.g.*, *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994), the Court need not — and does not — address them.

The only remaining question is whether Plaintiff should be granted leave to amend his Complaint.  Although leave to amend a complaint should be freely given "when justice so requires," Fed.R.Civ.P. 15(a)(2), and courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted), it is "within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Here, the Court declines to grant leave to amend *sua sponte*.  First, a district court may deny leave to amend when, as here, amendment would be futile because the problem with the claim "is substantive . . . [and] better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Second, Plaintiff was previously granted leave to amend to cure deficiencies raised in Defendant's motion to dismiss, and was explicitly cautioned that he "w[ould] not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss."  (Docket No. 15).  Nevertheless, he "has not requested permission to file a[n] . . . Amended Complaint, nor has he given any indication that he is in possession of facts that would cure the problems" identified in the instant motion to dismiss.  *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014).

## CONCLUSION

For the reasons stated above, the Court concludes that it has subject-matter jurisdiction, but that Plaintiff fails to state a claim for relief.  Accordingly, Defendant's motion is GRANTED,

and the Complaint is dismissed in its entirety.  The Clerk of Court is directed to terminate Docket

No. 9, to mail a copy of this Opinion and Order to Plaintiff, and to close the case.


      SO ORDERED.

Date:  July 10, 2015
       New York, New York

                                      JESSE M. FURMAN
                              United States District Judge